UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RILEY THORNOCK,  )<br>        Plaintiff,  )<br>  )<br>v.  )<br>  )<br>CITY OF SALEM, VIRGINIA,  )<br>        Defendant.  )<br>_____ ) | Civil Action No. 3:25cv413 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff Riley Thornock's application to proceed *in forma pauperis* ("IFP Application")[1] and accompanying proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. Based on the financial information set forth in Plaintiff's IFP Application, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status. Accordingly, Plaintiff's IFP Application, ECF No. 1, will be granted, and the Clerk will be directed to file Plaintiff's Complaint. However, for the reasons set forth below, this action will be dismissed without prejudice.

**I.  BACKGROUND**

Plaintiff brings this suit after the City of Salem ("Defendant" or "the City") "sudden[ly] and unlawful[ly] revo[ked] . . . all lawful uses of a mixed-use property that Plaintiff had operated as a hostel and residential dwelling[,] located at 913 East Main Street, Salem." Compl. 2. Plaintiff alleges that the City's actions amounted to a regulatory taking under the Fifth and Fourteenth Amendments, a denial of procedural and substantive due process, selective enforcement under the Equal Protection Clause, and a violation of Virginia's Property Rights Act.

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

*Id.*   He further alleges that the City's actions resulted in, *inter alia*, a devaluation of the subject property and the "[l]oss of a signed $250,000 contract and a thriving Airbnb business."   *Id*. at 3.

## II.   VENUE ISSUES

Upon review of Plaintiff's Complaint, it is apparent that venue is improper in this Court. Pursuant to 28 U.S.C. § 1391(b), the general venue statute, a civil action may be brought in:

> (1)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).   The Eastern District of Virginia's Local Civil Rule 3(C) further provides:

> Civil actions for which venue is proper in this district shall be brought in the proper division, as well.   The venue rules stated in 28 U.S.C. § 1391 *et seq*. also shall apply to determine the proper division in which an action shall be filed.   For the purpose of determining the proper division in which to lay venue, the venue rules stated in 28 U.S.C. § 1391 *et seq*. shall be construed as if the terms "judicial district" and "district" were replaced with the term "division."

E.D. Va. Loc. Civ. R. 3(C).   The Local Rules for the Western District of Virginia contain a similar provision.   *See* W.D. Va. Loc. R. 2(b).

In the present case, the Complaint makes clear that the property that is the subject of the action and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Salem, Virginia, which lies in the Roanoke Division of the Western District of Virginia.   *See* W.D. Va. Loc. R. 2(a)(6).   Although Plaintiff dedicates five pages of his fifty-page Complaint to arguing that the Court should disregard these facts and find that venue is alternatively proper here in the Richmond Division of the Eastern District of Virginia, the Court finds this to be an instance where "the [gentleman] doth protest too much."   William Shakespeare, Hamlet, act 3, sc. 2.

Specifically, Plaintiff's interpretation of 28 U.S.C. § 1391(b)(1) is incorrect insofar as Plaintiff construes the provision to mean the Defendant's presence in Virginia is sufficient for venue to be found in *any* district of Virginia. Rather, § 1391(b)(1) instructs that venue is proper in the district where a defendant resides. Thus, to the extent the City can be deemed to "reside" anywhere, it would reside in the Western District, where it is geographically located.

Further, the Court is not persuaded that "a substantial part of the events and omissions giving rise to [Plaintiff's] claim" occurred in the Richmond Division of the Eastern District because the Defendant's actions "impacted the Plaintiff in the Richmond area, where he resides." Compl. 7–8. Rather, the events and omissions *giving rise to* Plaintiff's claim would be those surrounding Defendant's act of "revo[king] all lawful uses of a mixed-use property that Plaintiff had operated as a hostel and residential dwelling located at 913 East Main Street, Salem, Virginia." *Id.* at 2.

Finally, the Court is further unpersuaded by Plaintiff's requests that it should disregard the above-described deficiencies in venue for the sake of Plaintiff's convenience. The simple fact that Plaintiff has also filed suit against Bedford County, another Western District municipality, in this Court does not mean that either suit is proper here; indeed, the Bedford County case has not progressed past the District Court's denial of Plaintiff's IFP status, and so the court has not even reached the point of assessing venue. *See* Order, *Thornock v. Bedford Cnty.*, No. 3:25-CV-57-DJN (E.D. Va. Jan. 30, 2025), ECF No. 2 (denying IFP status), *appeal docketed*, No. 25-1180 (4th Cir. Feb. 26, 2025). Moreover, Plaintiff is clearly familiar with and capable of litigating matters in the Western District, as his filing history demonstrates.[2] *E.g.*, *Thornock v. JES Found. Repair*,

---

[2] The Court may take judicial notice of other actions brought by a plaintiff, as those are matters of public record. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

3

No. 7:23-CV-638-TTC (W.D. Va. Oct. 5, 2023).³   And, last but not least, Plaintiff's invocation of 28 U.S.C. § 1404(a) as a mechanism for the Court to retain this case, *see* Compl. 7, is unavailing, as § 1404(a) only authorizes "transfer . . . to any other district or division *where [the action] might have been brought* or to any district or division to which all parties have consented."   Because venue is improper in this Division and District to begin with, it does not qualify as a "district or division where it might have been brought" originally.

When venue is improper, 28 U.S.C. § 1406(a) directs the Court to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."   28 U.S.C. § 1406(a).   Here, the Court finds that it is not "in the interest of justice" to transfer this case, both because Plaintiff so strenuously objects to having to litigate in the Western District, *see* Compl. 5–9, and because the Court does not find that the Complaint as drafted complies with Federal Rule of Civil Procedure 8, insofar as its fifty pages do not constitute a "short and statement of the claim showing that the pleader is entitled to relief," nor are its averments "simple, concise, and direct."   Fed. R. Civ. P. 8(a)(2), (e)(1).   Because Plaintiff has not complied with the pleading requirements of the Federal Rules of Civil Procedure, the Court does not find that it would be in the interest of justice to simply transfer the action to the Roanoke Division of the Western District of Virginia and force the Defendant and receiving Court to wade through Plaintiff's excessive narrative, legal argument, and hyperbole "to guess the points that [Plaintiff] intends to make and then to address them."   *Powhatan Cnty. Sch. Bd. v. Skinger*, No. 3:24-CV-874-REP, 2025 U.S. Dist. LEXIS 104564, at *21 (E.D. Va. June 2, 2025).   "That is a difficult

---

³ The Court takes further judicial notice of the fact that Plaintiff attempted to lodge substantially similar claims against the City of Salem in this 2023 suit, but that such claims were dismissed for failure to state a claim at the screening stage pursuant to 28 U.S.C. § 1915.  *See* Order, *Thornock v. JES Found. Repair*, No. 7:23-CV-638-TTC (W.D. Va. Nov. 14, 2023), ECF No. 18.

4

task for [Plaintiff's] adversaries. It is an impossible one for a Court which, of course, cannot devise arguments in support of any litigant." *Id.*

Because the Court does not find that the interests of justice support transfer, this action should be dismissed without prejudice, for Plaintiff to amend for compliance with federal pleading requirements and to re-file in the appropriate court, should he so choose.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's IFP Application, ECF No. 1, will be GRANTED and the Clerk will be DIRECTED to file the Complaint (ECF No. 1-1). However, this action will further be DISMISSED without prejudice, for improper venue.

An appropriate Order will accompany this Memorandum Opinion.

/s/ *RCY*
Roderick C. Young
United States District Judge

Date: July 15, 2025
Richmond, Virginia